IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR No.: 0:95-1067-JFA |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| BILLY JAMES SIMS | ) | |
| | ) | |
| _____ | ) | |

This matter is before the court upon motion of the defendant, Billy James Sims, to "correct a clerical error" pursuant to Rule 36 of the Federal Rules of Criminal Procedure. The government has responded and opposes the motion. For the reasons which follow, the motion is denied.

Sims was charged in 1995 for involvement in a crack cocaine conspiracy and related offenses. Following a jury trial, he was convicted on all counts.

A presentence investigation was conducted and a Presentence Report (PSR) was prepared. The PSR held Sims accountable for 13 grams of crack cocaine, resulting in a base offense level of 38. He received a two-level enhancement for possession of a firearm, resulting in a total offense level of 40. With a criminal history category of I, his guideline range was 292 to 365 months.

Sims appeared before the Honorable Dennis W. Shedd for sentencing in November 1996. At sentencing, Sims raised a number of objections to the PSR, including an objection to the drug weight. In response to the objection, and at Judge Shedd's behest, the Assistant

1

United States Attorney summarized certain portions of the trial testimony that attributed approximately 8.4 kilograms of crack to Sims. Because anything above 1.5 kilograms triggered the highest possible guideline level (38), Judge Shedd found it unnecessary to consider whether Sims was responsible for any additional drug weights. Judge Shedd did thus not determine whether the total amount attributable to Sims was limited to 8.4 kilograms as discussed, or was in fact in excess of 13 kilograms as the PSR indicated.

After ruling on the remaining objections, Judge Shedd sentenced Sims to 365 months, the top end of the guidelines range. Sims' conviction was affirmed on appeal. Sims then filed a motion pursuant to 18 U.S.C. § 3582 requesting a reduction in his sentence based upon an intervening change in the sentencing guidelines. This court denied Sims' motion finding that the amendments did not affect his guideline calculations.

In January 2012, Sims returned to this court, alleging that a "clerical error" occurred at sentencing. He contends that the court erred in holding him accountable for 8.4 kilograms of crack cocaine and suggests that he should have been held accountable for only 7.76 kilograms of crack.

Rule 36 by its own terms relates to collection of clerical errors. Here, the alleged error of which Sims complains is not the sort of error contemplated by Rule 36. Thus, this court is without jurisdiction to modify Sims' sentence.

In his motion, Sims contends that at sentencing, the Assistant United States Attorney either mischaracterized or misquoted the trial testimony, resulting in an error in Judge

Shedd's calculation of the drug weights. Even if such error did occur (which has not been shown at this point), the error was not a "clerical" error, correctable under Rule 36. See, e.g., *United States v. Werber*, 51 F.3d 342 (2nd Cir. 1995).

For the foregoing reasons, the defendant's motion (ECF No. 110) is denied.

IT IS SO ORDERED.

April 25, 2012  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge